**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **CIVIL ACTION NUMBER:** |
| **ECKERD CORPORATION d/b/a RITE AID,** ) ) ) ) | |
| Defendant. ) _____) | **JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA"), ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to Fern Strickland ("Charging Party"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission") alleges that Eckerd Corporation d/b/a Rite Aid ("Defendant") failed to provide Charging Party with a reasonable accommodation and subsequently terminated her from her position as a cashier because of her disability, in violation of the ADA and the ADAAA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Eckerd Corporation d/b/a Rite Aid has continuously been a corporation doing business in the State of Georgia, and the City of Alpharetta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Eckerd Corporation d/b/a Rite Aid has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Eckerd Corporation d/b/a Rite Aid has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 2009, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Charging Party with a reasonable accommodation for her disability and ultimately terminating Charging Party

3

because of her disability.

9. Charging Party has a physical impairment related to a severe arthritic condition in her knees, which has resulted in one knee replacement.

10. Pursuant to the ADA, as amended, Charging Party is substantially limited in the major life activities of standing and walking.

11. Prior to her termination, the Charging Party provided medical notice to the Defendant that her impairment limited her from standing for long periods of time and that she required intermittent use of a stool or chair as a reasonable accommodation to enable her to perform the essential functions of her job.

12. Defendant reasonably accommodated Charging Party for approximately six years by providing a stool for her to use intermittently while working as a cashier.

13. With this reasonable accommodation, Charging Party was able to perform the essential functions of her job, i.e., provide excellent customer service.

14. Charging Party's performance evaluation and personnel file indicate that she was qualified to perform the job of cashier.

15. In the fall of 2008, Charging Party's new Regional Manager, Larry Frisbee, entered her store and noticed that Charging Party was using the previously supplied stool.

16. On January 15, 2009, after Frisbee requested medical documentation regarding the Charging Party's impairment, Charging Party provided Frisbee with an updated doctor's note that stated that her condition required her to sit for one half-hour of every hour she worked.

17. On January 29, 2009, Defendant informed Charging Party that it would no longer accommodate her disability and terminated her employment.

18. The effects of the practices complained of in Paragraphs 8-17 have been to deprive Charging Party of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

19. The unlawful employment practices complained of in Paragraphs 8-17 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Charging Party.

20. The effects of the practices complained of in paragraphs 8-17 have been to inflict emotional pain, suffering, and inconvenience upon Charging Party and deprive her of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

      B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

      C.    Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

      D.    Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

      E.    Order Defendant to make whole Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper.

      H.      Award the Commission its costs in this action.

**[Jury Trial Demand and signatures follow]**

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                               Respectfully submitted,

                                               P. DAVID LOPEZ
                                               General Counsel

                                               JAMES L. LEE
                                               Deputy General Counsel

                                               GWENDOLYN YOUNG REEMS
                                               Associate General Counsel

| | |
|---|---|
| 9/7/10 | s/ Robert K. Dawkins |
| Date | ROBERT K. DAWKINS |
| | Regional Attorney |
| | Georgia Bar No. 076206 |
| | |
| | OTTRELL FERRELL EDWARDS |
| | Supervisory Trial Attorney |
| | Georgia Bar No. 141979 |
| | |
| | U.S. EQUAL EMPLOYMENT |
| | OPPORTUNITY COMMISSION |
| | Atlanta District Office |
| | 100 Alabama Street, SW, Suite 4R30 |
| | Atlanta, Georgia 30303 |
| | Telephone:  (404) 562-6818 |
| | Facsimile:   (404) 562-6905 |